UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| EROSOL, LLC, | : | CASE NO. 16-57405-MGD |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |

### MOTION TO CONVERT CASE TO A CASE UNDER CHAPTER 7 AND REQUEST FOR EXPEDITED HEARING

COMES NOW S. Gregory Hays, as Chapter 11 Trustee ("**Trustee**") for the bankruptcy estate of Erosol, LLC ("**Debtor**"), and hereby files this *Motion to Convert Case to a Case under Chapter 7 and Request for Expedited Hearing* (the "**Motion**"). In support of the Motion, Trustee shows the Court as follows:

**Jurisdiction and Venue**

1.

This Court has jurisdiction to consider this request pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**General Background**

2.

Debtor initiated this case (Case No. 14-71797-PWB) (the "**Case**") by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on April 28, 2016 (the "**Petition Date**").

9050180v1

3.

On May 31, 2016, the Acting United Sates Trustee for Region 21 (the "**United States Trustee**") filed a motion to dismiss or convert the case and request for expedited hearing [Doc. No. 11] (the "**Motion to Dismiss or Convert**").

4.

On June 23, 2016, the Court entered an order granting the Motion to Dismiss or Convert and, among other things, directed the United States Trustee to appoint a Chapter 11 Trustee. [Doc. No. 24].

5.

On June 24, 2016, the United States Trustee filed a motion to appoint Trustee as Chapter 11 Trustee. [Doc. No. 25]. On June 27, 2016, the Court entered an order appointing Trustee as Chapter 11 trustee in this case. [Doc. No. 27].

6.

Since Trustee's appointment, Trustee has been operating Debtor with permission from Swift Capital to use its cash collateral on an interim basis.

7.

During this time, Trustee has determined that, amongst other potential problems, Debtor's business operations are not generating a profit and are insufficient to pay ongoing Chapter 11 administrative expenses, including attorney's fees and U.S. Trustee fees. In addition, Debtor has not complied with Trustee's specific instructions and requests, including the production of reports and information related to Debtor's business operations. In Trustee's

9050180v1

business judgment, Debtor's ongoing losses and inability to comply with Trustee's instructions and directions make reorganization highly unlikely, if not impossible.

**Relief Requested**

8.

By this Motion, Trustee requests that the Court convert the Case to a case under Chapter 7 nunc pro tunc to the date of the filing of this Motion.

9.

Finally, Trustee requests that the Court set this Motion for hearing on an expedited basis.

**Basis for Relief**

10.

Section 1112(b) of the Bankruptcy Code, in pertinent part, provides as follows:

> "[T]he court shall convert a case under this chapter to a case under chapter 7 . . . if the movant establishes cause . . .
>
> (4) For purposes of this subsection, the term 'cause' includes-
>
> > (A)  substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation . . . ."

11 U.S.C. § 1112(b) (2015).

11.

In Trustee's business judgment, the administration of Debtor's Case will be more effective and more efficient under Chapter 7 as the continuing diminution of Debtor's estate makes reorganization unlikely. In short, there is no reasonable likelihood of rehabilitation. Moreover, the elimination of certain expenses unique to Chapter 11, such as U.S. Trustee fees

3

and expenses related to the filing of monthly financial reports, should minimize expenses and ensure a maximum recovery to the estate.

12.

Accordingly, it is in the best interests of Debtor's creditors and estate that this case be converted to a case under Chapter 7.

13.

Finally, given the potential for surmounting Chapter 11 administrative expenses, and the fact that the Court effectively tabled a previous request to convert Debtor's Case to a case under Chapter 7, an expedited hearing on this Motion is in the best interests of Debtor and Debtor's creditors.

WHEREFORE, Trustee requests that this Court (a) set this matter for hearing on an expedited basis; (b) convert Debtor's Case to Chapter 7 pursuant to 11 U.S.C. §1112(b) effective as of the date of the filing of this Motion; (c) direct the appointment of a Chapter 7 trustee for Debtor's bankruptcy estate; and (d) grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of July, 2016.

        ARNALL GOLDEN GREGORY LLP
        *Attorneys for Trustee*

        By: */s/ Michael J. Bargar*
            Michael J. Bargar
            Georgia Bar No. 645709
            michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

9050180v1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Motion to Convert Case to a Case under Chapter 7 and Request for Expedited Hearing* by delivering copies of the same by first class United States mail or electronic mail, as indicated, to the following entities at the addresses stated:

**First Class Mail
and Electronic Mail**
Vivieon E. Kelley
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
Email: vivieon.e.kelley@usdoj.gov

**First Class Mail
and Electronic Mail**
Leonard R. Medley, III
Medley & Associates, LLC
Suite 1450
2727 Paces Ferry Road
Atlanta, GA 30339
Email: leanard@mkalaw.com

**First Class Mail
and Electronic Mail**
S. Gregory Hays
Hays Financial Consulting, LLC
3343 Peachtree Road, NE, Suite 200
Atlanta, GA 30326
Email: ghays@haysconsulting.net

**First Class Mail
and Electronic Mail**
James W. Hays
Hays Potter & Martin, LLP
3945 Holcomb Bridge Road, Suite 300
Peachtree Corners, GA 30092
Email: Beau@HPMLawATL.com

**First Class Mail**
Erosol, LLC
c/o Louis M. Carreras
1410 Eastland Road
Atlanta, GA 30316

This 15th day of July, 2016.

>  */s/ Michael J. Bargar*
> Michael J. Bargar
> Georgia Bar No. 645709